■ JOSEPH VACCARO et al., Respondents, v ARTHUR MAILLET, JR., as Administrator of the Estate of KATHLEEN VACCARO, Deceased, Appellant.— In a negligence action to recover damages for personal injuries, etc., defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, dated March 10, 1976, as (1) granted plaintiffs' motion to set aside a jury verdict in favor of defendant on the cause of action for personal injuries, (2) severed that cause of action from the cause of action for property damage and (3) granted a new trial as to the personal injury cause of action. Order affirmed insofar as appealed from, with costs. The Trial Term properly exercised its discretion, as the jury could not have reached its conclusion on any fair interpretation of the evidence. The record clearly established the negligence of defendant's deceased and the jury could not, by any rational process, have found plaintiff Joseph Vaccaro guilty of contributory negligence (see *De Lizia v Beavers,* 42 AD2d 843, affd 34 NY2d 902). Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.

■ WEIGHT WATCHERS INTERNATIONAL, INC., Appellant, v WEIGHT WATCHERS OF HOLLYWOOD-BEVERLY HILLS, INC., et al., Respondents.—In a proceeding to confirm an arbitration award, in which respondents cross-moved to vacate or modify the said award, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered April 1, 1976, which denied its application, granted the cross motion and vacated the award. Judgment reversed, on the law, without costs or disbursements, application to confirm the award granted, except that paragraph three thereof is not confirmed, and cross motion denied, except as to paragraph three. We do not agree with Special Term that respondents' rights to due process were violated. Upon the oral argument of this appeal, petitioner agreed that paragraph three of the award, which required that a letter be sent to "all persons" who had attended respondents' Weight Watchers classes "during the period 1973 through and including September 1, 1975" (estimated at 200,000), should not be confirmed. Respondents agree that the arbitrators' findings as to the violations alleged were correct. Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.